Filed 7/27/22  P. v. Mallet CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JEROME EVAN MALLET, Defendant and Appellant. | B313218 (Los Angeles County Super. Ct. No. A619834) |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Reversed and remanded with directions.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel Chang and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jerome Evan Mallet,[1] who was convicted of first degree murder and other offenses in 1981, appeals from an order denying his petition for resentencing under Penal Code section 1170.95,[2] after an evidentiary hearing under subdivision (d) of that statute.  He contends it was error for the trial court to rely on the factual summary in this court's 1983 opinion in his direct appeal to conclude he was ineligible for resentencing under section 1170.95.  We agree with Mallet's claim of error.  Legislative amendments to section 1170.95, subdivision (d)(3), enacted shortly after his evidentiary hearing, prohibit a trial court from relying on a factual summary in an appellate opinion to determine a petitioner's eligibility for resentencing.  Here, the trial court relied nearly exclusively on the factual summary of the circumstances of the crimes in this court's prior opinion in making its findings and denying Mallet's section 1170.95 petition.  Because the trial court's decision rests on evidence made inadmissible by statute, and there is no evidence in the record before us on which we may conclude the error was harmless, we reverse the order and remand the matter for a new evidentiary hearing under section 1170.95, subdivision (d).

[1] Undesignated statutory references are to the Penal Code.

[2] "Mallet" is the correct spelling of appellant's name, and it is the spelling the parties use in this appeal.  Some court documents, including the opinion in Mallet's direct appeal, however, refer to appellant as "Mallett."  We use the correct spelling except in our citations to the opinion in the direct appeal, which was styled as *People v. Mallett*.

## BACKGROUND[3]

### I.  Trial, Sentencing, and Direct Appeal

In 1981, a jury found Mallet guilty of one count of first degree murder under section 187 (count 1), two counts of forcible rape in concert under sections 261 and 264.1 (counts 2 & 3), one count of assault with intent to commit rape under section 220 (count 4), one count of burglary under section 459 (count 5), and three counts of robbery under section 211 (counts 6 through 8). The jury found true the allegations that Mallet personally used a firearm and that a principal was armed with a firearm in the commission of all offenses, except count 4, assault with intent to commit rape.  (*People v. Mallett* (June 29, 1983, 41449) [nonpub. opn.], 2-3, 12.)  This court's opinion in Mallet's direct appeal states the murder victim died as a result of a gunshot wound. (*Id*. at p. 12.)  Mallet had two accomplices, but he was tried alone.

As to count 1, the jury deadlocked on the special circumstance allegations that the murder was committed during

---

[3] We do not set forth herein an account of the facts and circumstances of the offenses because it is not necessary to our resolution of the issue on appeal:  whether the trial court erred in relying on the factual summary in the opinion in Mallet's direct appeal to conclude he was ineligible for resentencing under section 1170.95.  Moreover, we could derive an account of the facts and circumstances of the offenses only from the factual summary in the opinion in the direct appeal, and we agree with Mallet that section 1170.95, subdivision (d)(3) prohibits courts from considering such a factual summary in determining the merits of a section 1170.95 petition, as discussed more fully below.  We cite to the opinion in Mallet's direct appeal in summarizing the procedural history of the case, which section 1170.95, subdivision (d)(3) expressly permits.

the commission of a robbery and a burglary within the meaning of section 190.2.  The trial court declared a mistrial as to those allegations and, at the time of sentencing, granted the prosecution's motion to dismiss the allegations.  (*People v. Mallett*, *supra*, 41449, p. 3.)  A true finding on those allegations— under the version of section 190.2 in effect at the time of the killing—would have required the jury to find Mallet was the actual killer or intentionally aided and abetted in first degree murder.  (See *People v. Banks* (2015) 61 Cal.4th 788, 798.)  The 1980 murder in this case predated approval of Proposition 115, which amended section 190.2 to allow for felony-murder special circumstance findings where the defendant was a major participant in the felony and acted with reckless indifference to human life.  (See Prop. 115, § 10, as approved by voters, Primary Elec. (June 5, 1990).)  Accordingly, to find the felony-murder special circumstances true in Mallet's case, the jury was not required to find he was a major participant in the felony who acted with reckless indifference to human life.

As to count 6, which charged Mallet with robbery of the murder victim, the jury found *not true* the special allegation that Mallet personally inflicted great bodily injury on the murder victim.  (*People v. Mallett*, *supra*, 41449, pp. 2-3.)  Thus, it is evident the jury found the prosecution did not prove beyond a reasonable doubt that Mallet was the actual killer.  This is not in dispute here.

On the murder count, the trial court sentenced Mallet "to state prison for the term prescribed by law," plus two years for the firearm enhancement, to be served consecutive to a total term of 21 years and four months on the remaining counts.  (*People v. Mallett*, *supra*, 41449, pp. 3-5.)

4

Mallet appealed. In our opinion in Mallet's prior appeal from the summary denial of his section 1170.95 petition—an appeal we discuss below—we summarized the pertinent issues in Mallet's direct appeal as follows:

"On [direct] appeal, Mallet argued, among other things, that the felony-murder doctrine was unconstitutional because it permitted a finding of malice aforethought as a matter of law when a killing occurred during the commission of certain enumerated felonies. We acknowledged that the issue was under review in the California Supreme Court. Our decision recited the current state of the law, as embodied in *People v. Johnson* (1974) 38 Cal.App.3d 1, 8, which held that the felony-murder rule 'dispenses with premeditation and malice as elements of first degree murder.'

"We noted there was no eyewitness testimony about the actual shooting of [the murder victim]. The prosecution's theory was that Mallet shot and killed [the murder victim] while perpetrating a robbery. We found there was some question 'of the presence of actual, rather than artificially presumed, malice.' (*People v. Mallet[t]*, *supra*, No. 41449.) Nonetheless, because malice aforethought was not an element of felony murder, we upheld the conviction under the existing law." (*People v. Mallet* (Jan. 28, 2021, B301369) [nonpub. opn.], p. 6.)

## II. Section 1170.95 Petition and Appeal From Summary Denial of Petition

On January 16, 2019, Mallet, representing himself, filed a form petition for resentencing under section 1170.95, a statute which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the court to have the murder conviction vacated and to be

resentenced, if the person could not be convicted of murder today in light of amendments to sections 188 and 189.  Senate Bill No. 1437, which added section 1170.95 and amended sections 188 and 189, was enacted in 2018 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).)

In his form petition, Mallet checked boxes stating, in pertinent part, that he was convicted of first degree felony-murder, and he could not now be convicted of that crime under changes to section 189, effective January 1, 2019, because (1) he was not the actual killer, (2) he did not directly aid and abet the murder with intent to kill, and (3) he was not a major participant in the felony, or he did not act with reckless indifference to human life during the course of the felony.  Mallet also checked the box requesting the trial court appoint counsel to represent him in connection with his petition.

The trial court appointed counsel to represent Mallet, and the district attorney filed a response (opposition) to Mallet's petition.  As we explained in our opinion in Mallet's prior appeal from the summary denial of his section 1170.95 petition (case No. B301369):  "The [district attorney's] opposition attached and cited to the information, a [1981] probation report, the abstract of judgment, the remittitur from the direct appeal, a [2011] comprehensive risk assessment of Mallet, a [2001] life prisoner evaluation, and transcripts of hearings relating to [admissibility

6

of] evidence and jury selection. Mallet, via his counsel, filed a reply." (*People v. Mallet*, *supra*, B301369, p. 6.)

On September 10, 2019, the trial court summarily denied Mallet's section 1170.95 petition, and Mallet appealed. In that appeal (case No. B301369), we granted Mallet's motion to augment the record with the superior court file and trial exhibits. The file we received from the superior court did not contain a police report, jury instructions, jury questions, verdict forms, or transcripts of the trial testimony and arguments of counsel. The file contained the transcript of the sentencing hearing, the abstract of judgment, and the opinion in Mallet's direct appeal (case No. 41449), among other documents. (*People v. Mallet*, *supra*, B301369, pp. 7-8.) We determined the record of conviction did not establish as a matter of law that Mallet was ineligible for relief under section 1170.95, and the trial court engaged in impermissible factfinding at the prima facie stage of the proceedings in reaching the conclusions that Mallet aided and abetted with the specific intent to kill and that he was a major participant in the felony who acted with reckless indifference to human life. We reversed the trial court's order summarily denying Mallet's section 1170.95 petition and remanded the matter, directing the trial court to issue an order to show cause under section 1170.95, subdivision (c), and conduct a hearing under section 1170.95, subdivision (d) to determine whether Mallet was entitled to relief. (*Id.* at pp. 11-12.)

III. **District Attorney's Further Briefing on Mallet's Section 1170.95 Petition, and Hearing Under Section 1170.95, Subdivision (d)**

Upon remand, the district attorney filed a second response to Mallet's petition, arguing Mallet could still be convicted of

7

felony-murder today under section 189, as amended, because (1) he acted with intent to kill, and (2) he was a major participant in the felonies who acted with reckless indifference to human life. In the brief, the district attorney derived his statement of the case, including the facts and circumstances of the crimes, from our opinion in Mallet's appeal from the summary denial of his section 1170.95 petition (case No. B301369). In that opinion, we summarized the facts and circumstances of the crimes using this court's opinion in Mallet's direct appeal. The district attorney did not attach to this second response, or cite to, any other documents. Thus, in arguing Mallet acted with intent to kill and was a major participant in the felonies who acted with reckless indifference to human life, the district attorney, in his second response, relied on the factual summary first set forth in this court's opinion in Mallet's direct appeal. Mallet did not file a reply to the district attorney's second response to the section 1170.95 petition.

The trial court set the matter for an order to show cause hearing. At all times relevant to the proceedings below, section 1170.95, subdivision (d)(3) provided, in pertinent part: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. . . . The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (Former § 1170.95, subd. (d)(3).)

The hearing occurred on May 18, 2021. The parties did not introduce any new evidence at the hearing. Before the parties presented their arguments, the trial court asked them: "[A]ny objection to the court receiving and considering not only the

8

motions [*sic*] from respective counsel, but also the jury instructions, all the appellate opinions that were published previously on this case?"[4] Neither side objected.

The prosecution argued at the hearing, consistently with its first and second responses to the petition, that Mallet was a major participant in the felonies and that he acted with reckless indifference to human life. Mallet's counsel did not dispute Mallet was a major participant in the felonies; counsel argued the prosecution did not prove beyond a reasonable doubt that Mallet acted with reckless indifference to human life. In making this argument, Mallet's counsel referenced the factual summary in the district attorney's responses to the petition.

At the conclusion of the hearing, the trial court took the matter under submission. On May 23, 2021, the court issued a written order denying Mallet's section 1170.95 petition, finding "Mallet was both a major participant and acted with reckless disregard for human life." The court based these findings on a factual summary it set forth in the order, explaining: "The following summary of facts comes from the affirmed judgement on June 29, 1983"—i.e., this court's opinion in Mallet's direct appeal.

---

[4] As set forth above, the superior court file that was transmitted to this court in Mallet's appeal from the summary denial of his section 1170.95 petition (case No. B301369) did not include jury instructions. Whether the trial court had access to the jury instructions from Mallet's trial is not material to the resolution of this appeal. There is no dispute that this matter was tried as a felony-murder case.

## DISCUSSION[5]

On May 18, 2021, when the trial court held the hearing on Mallet's petition, section 1170.95, subdivision (d)(3) stated: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. *The prosecutor and the petitioner may rely on the record of conviction* or offer new or additional evidence to meet their respective burdens." (Former § 1170.95, subd. (d)(3), italics added.) Appellate courts interpreting this provision had concluded an appellate opinion was part of the record of conviction, and the factual summary therein was admissible at an evidentiary hearing on a section 1170.95 petition. (See, e.g., *People v. Williams* (2020) 57 Cal.App.5th 652, 660-663 (*Williams*) [holding the trial court could consider the factual summary in an appellate opinion at a hearing under section 1170.95, subdivision (d)(3), because the factual summary was admissible as reliable hearsay].)

On October 5, 2021, less than five months after Mallet's evidentiary hearing, the Governor signed Senate Bill No. 775 into

---

[5] This appeal concerns the admissibility of evidence at the hearing on Mallet's petition under section 1170.95, subdivision (d)(3). Accordingly, we do not set forth here the statutory requirements for other stages of the trial court's review of a section 1170.95 petition (facial review under subdivision (b) and prima facie review under subdivision (c)).

law, and its amendments to section 1170.95 became effective on January 1, 2022. (Sen. Bill No. 775 (2021-2022 Reg. Sess.) Stats. 2021, ch. 551, § 2.) Senate Bill No. 775 amended section 1170.95, subdivision (d)(3) to read: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. *The court may also consider the procedural history of the case recited in any prior appellate opinion.* However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3), italics added.) As the Court of Appeal explained in *People v. Clements* (2022) 75 Cal.App.5th 276, 292 (*Clements*), with this amendment, the "Legislature

11

limited use of prior appellate opinions [in hearings under section 1170.95, subdivision (d)], allowing trial judges to 'consider the procedural history of the case recited,' " and "the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section 1170.95 petition reaches the stage of a full-fledged evidentiary hearing." (See also *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 (*Cooper*) ["Senate Bill 775 prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under section 1170.95, as the statute now provides that 'the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law' and 'the *procedural history* of the case recited in any prior appellate opinion' "].)

Mallet contends we must reverse the order denying his section 1170.95 petition because the trial court relied on evidence that is inadmissible under section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775: the factual summary in this court's opinion in his direct appeal. He asserts the amendment applies here, although its enactment was after his evidentiary hearing. In response, the Attorney General argues Mallet forfeited this claim of evidentiary error because he did not object at the hearing to the trial court's consideration of the factual summary in the appellate opinion. The Attorney General also argues this court need not address whether the amendment applies retroactively, asserting the amendment does not preclude courts from relying on factual summaries in appellate opinions in any event. For the reasons explained below, we agree with Mallet that we must reverse the order under the plain language of section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775.

12

First, we reject the Attorney General's argument that Mallet forfeited his claim of error on appeal by not making an objection in the trial court. As set forth above, at the time of Mallet's evidentiary hearing, courts had interpreted section 1170.95, subdivision (d)(3), as then written, to allow the admission into evidence of a factual summary in an appellate opinion. (See, e.g., *Williams*, *supra*, 57 Cal.App.5th at pp. 660-663.) We do not fault Mallet's counsel for not objecting in the trial court, given the state of the law on this issue as it stood then. (See *People v. Perez* (2020) 9 Cal.5th 1, 8, 14 [holding that, although the defendant did not make a confrontation clause objection to gang expert testimony at trial, the defendant did not forfeit his claim on appeal because *People v. Sanchez* (2016) 63 Cal.4th 665 had not yet been decided, so the objection would have been futile].)

Second, we reject the Attorney General's argument that section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775, allows the consideration of the factual summary in an appellate opinion at the evidentiary hearing. The Attorney General argues the Legislature would have expressly stated in the amendment that the factual summary in an appellate opinion may not be considered if the Legislature intended that it be excluded from evidence at the evidentiary hearing. We conclude the plain language the Legislature drafted in the amendment accomplishes the same result. In enacting Senate Bill No. 775, the Legislature stated the amendment "[a]ddresses what evidence a court may consider at a resentencing hearing (clarifying the discussion in *People v. Lewis* [(2021) 11 Cal.5th 952,] 970-972)." (Sen. Bill No. 775, *supra*, ch. 551, § 1.) In *Lewis*, our Supreme Court stated that appellate opinions "are generally

13

considered to be part of the record of conviction." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) In Senate Bill No. 775, the Legislature deleted from section 1170.95, subdivision (d)(3) the language stating the "prosecutor and the petitioner may rely on the record of conviction," and added, among other things, the language stating a "court may also consider the procedural history of the case recited in any prior appellate opinion." By making these changes, the Legislature clearly indicated that while a court may consider the procedural history summary of a case as set forth in an appellate opinion, the court may *not* similarly consider the summary of the evidence of the facts and circumstances of the crimes as set forth in the appellate opinion, regardless of whether the appellate opinion is a part of the record of conviction. We agree with other appellate courts that have interpreted Senate Bill No. 775 to preclude courts from relying on factual summaries in appellate opinions at an evidentiary hearing under section 1170.95, subdivision (d). (See *Clements*, *supra*, 75 Cal.App.5th at p. 292; *Cooper*, *supra*, 77 Cal.App.5th at p. 400, fn. 9.)

Mallet argues the remedy for the trial court's admission of evidence made inadmissible by Senate Bill No. 775 is reversal of the order denying the section 1170.95 petition, vacation of the murder conviction, and remand for resentencing on the remaining counts. Without conceding error, the Attorney General argues the remedy is remand for a new evidentiary hearing under section 1170.95, subdivision (d). We agree with the Attorney General. The proper remedy for the erroneous admission of evidence is a new hearing that complies with the evidentiary rules set forth in section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775. We cannot conclude the

14

error was harmless based on the other, limited information that was before the trial court at the evidentiary hearing.  The Attorney General does not point to other, admissible evidence that would have been sufficient to prove beyond a reasonable doubt that Mallet was a major participant in the felony who acted with reckless disregard for human life.

There is a question of the applicability of Senate Bill No. 775, given it was enacted shortly after Mallet's evidentiary hearing.  The Attorney General argues:  "The question of whether Senate Bill No. 775 is retroactive to this case is moot because the denial of appellant's petition must be affirmed under the amended law in an event."  As discussed above, we have rejected the Attorney General's argument that section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775, allows the consideration of the factual summary in an appellate opinion at the evidentiary hearing.  Nonetheless, we agree with the Attorney General that we need not decide the question of retroactivity, but for a different reason.  Assuming for purposes of argument we were to conclude the evidentiary rules in section 1170.95, subdivision (d)(3) are not retroactive, nothing would prevent Mallet from filing a new petition for resentencing under the amended law.  It is in the interest of judicial economy to remand the case for a new hearing under section 1170.95, subdivision (d), rather than to require all parties to restart the process with a new petition, given the trial court's denial of the petition is based on evidence that is inadmissible under section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775.

15

## DISPOSITION

The May 25, 2021 order denying the section 1170.95 petition is reversed and the matter is remanded for a new evidentiary hearing in accordance with section 1170.95, subdivision (d)(3).

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

16